UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE PLATINUM-BEECHWOOD LITIGATION, | No. 18 Civ. 10936 (JSR) |
| MARTIN TROTT and CHRISTOPHER SMITH, as Joint Official Liquidators and Foreign Representatives of PLATINUM PARTNERS VALUE ARBITRAGE FUND L.P. (in OFFICIAL LIQUIDATION) and PLATINUM PARTNERS VALUE ARBITRAGE FUND L.P. (in OFFICIAL LIQUIDATION),<br><br>Plaintiffs,<br>v.<br>PLATINUM MANAGEMENT (NY) LLC, *et al.,*<br><br>Defendants. | No. 18 Civ. 6658 (JSR) |

**DEFENDANT MARK NORDLICHT'S FIRST SET OF
INTERROGATORIES TO DEFENDANT MICHAEL KATZ**

**P**LEASE **TAKE NOTICE THAT** pursuant to Rule 33 of the Federal Rules of Civil Procedure and Rule 26 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules"), and this Court's Case Management Order dated January 24, 2019 (ECF No. 158), Defendant Mark Nordlicht ("Nordlicht"), by his attorneys, Regosin, Edwards, Stone & Feder, Esqs., hereby serves his First Set of Interrogatories (the "Interrogatories") on Defendant Michael Katz ("Katz") and requests that the Katz answer each Interrogatory separately and fully in writing under oath within 30 days, and serve those responses on Regosin, Edwards, Stone & Feder, Esqs. at 225 Broadway, Suite 613, New York, N.Y. 10007.

## DEFINITIONS

1.      The following definitions, pursuant to Local Rule 26.3, apply to each of the Interrogatories set forth below, and are deemed to be incorporated therein.

2.      The "Litigation" refers to the above-captioned matter, currently pending in the United States District Court for the Southern District of New York, Docket Number 18-CV-10936 (JSR), Consolidated Docket Number 18-CV-6658 (JSR).

3.      All capitalized terms not specifically defined shall be accorded the meaning assigned in the Complaint.

4.      "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

5.      "Concerning" means relating to, referring to, describing, evidencing, or constituting.

6.      "Document" means any writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, stored in any medium from which information can be obtained either directly or, if necessary, after translation by the JOLs into a reasonably usable form, including, without limitation, electronically stored information. A draft or non-identical copy is a separate document within the meaning of this term.

7.      "FAC" means the First Amended Complaint filed by the JOLs on January 25, 2019 (ECF No. 159).

8.      "Identify," when referring to a person, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

9.      "Identify," when referring to documents, means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s). In the alternative, the JOLs may produce the documents, together

with identifying information sufficient to satisfy Federal Rule 33(d).

10.     "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

11.     "Plaintiff" and "defendant," as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

12.     You", "your" and Katz means defendants Michael Katz, The Estate of Marcos Katz and Adela Katz, individually and jointly, and production demands herein required the production of documents in your possession from each of them.

13.     "JOL" mean the JOLs; the past or present principals, partners, managers, employees, attorneys, advisors, consultants, agents, and representatives of the JOLs; and all other persons acting or purporting to act on the behalf of the JOLs.

14.     "Agera" has the same meaning as in the FAC, and includes, without limitation, any entities that may be deemed predecessors, successors, subsidiaries, or affiliates.

15.     "Agera Energy" has the same meaning as in the FAC, including, without limitation, paragraph 129 of the FAC, and includes, without limitation, any entities that may be deemed predecessors, successors, subsidiaries, or affiliates.

16.     "Agera Note" has the same meaning as in the FAC, including, without limitation, paragraph 603 of the FAC.

17.     "Agera Sale" has the same meaning as in the FAC, including, without limitation, paragraph 631 of the FAC.

18.     "Agera Transactions" has the same meaning as in the FAC, including, without limitation, paragraph 11(v) of the FAC.

19.     "Beechwood" has the same meaning as in the FAC, including, without limitation,

paragraph 8 of the FAC, and includes, without limitation, any entities that may be deemed predecessors, successors, subsidiaries, or affiliates.

20.     "Beechwood Entities" has the same meaning as in the FAC, including, without limitation, paragraph 206 of the FAC, and includes, without limitation, any entities that may be deemed predecessors, successors, subsidiaries, or affiliates.

21.     "BEOF Funds" has the same meaning as in the FAC, including, without limitation, paragraph 144 of the FAC, and includes, without limitation, any entities that may be deemed predecessors, successors, subsidiaries, or affiliates.

22.     "Consolidated Action" means the consolidated action known as *In re Platinum-Beechwood Litigation*, Case No. 18-cv-6658 (JSR), pending in the United States District Court for the Southern District of New York.

23.     "Communication(s)" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

24.     "Concerning" means relating to, referring to, describing, evidencing, or constituting.

25.     "Document(s)" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information [('ESI')]" in FRCP 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

26.     "Litigation" means the action known as *Trott v. Platinum Management (NY) LLC*, Case No. 18-cv-10936 (JSR), pending in the United States District Court for the Southern District of New York.

27.     "Person(s)" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

28.     "Platinum Defendants" has the same meaning as in the FAC, including, without limitation, paragraph 3 of the FAC.

29.     "Platinum Management" has the same meaning as in the FAC, including, without limitation, paragraph 7 of the FAC, and includes, without limitation, any entities that may be deemed predecessors, successors, subsidiaries, or affiliates.

30.     "PPCO" has the same meaning as in the FAC, including, without limitation, paragraph 10 of the FAC, and includes, without limitation, any entities that may be deemed predecessors, successors, subsidiaries, or affiliates.

31.     "PPVA" has the same meaning as in the FAC, including, without limitation, paragraph 2 of the FAC, and includes, without limitation, any entities that may be deemed predecessors, successors, subsidiaries, or affiliates.

32.     "Second Scheme" has the same meaning as in the FAC, including, without limitation, paragraph 10 of the FAC.

33.     "Security Lockup" has the same meaning as in the FAC, including, without limitation, paragraph 11 (iv) of the FAC.

34.     "Nordlicht" mean defendant Mark Nordlicht and any of his current or former agents, representatives, attorneys, accountants, and anyone else acting on behalf of Nordlicht.

35.     "And" and "Or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

36.     "Any," "All," and "Each" shall each be construed as encompassing any and all.

37.     The use of the singular form of any word includes the plural and vice versa.

## **INSTRUCTIONS**

The following instructions apply to each of the Interrogatories set forth below, and are deemed to be incorporated therein:

1.     Unless otherwise specifically indicated, and for purposes of these

Interrogatories only, the relevant time period shall be January 1, 2012 to present.

2.      In responding to these interrogatories, You are required to furnish all information in Your possession, custody, or control, regardless of where such information is located.

3.      In responding to each interrogatory, identify the person(s) most familiar with the facts concerned.

4.      The fact that an interrogatory may be responded to by another party does not relieve You of the obligation to respond in full and provide the information in Your possession, custody, or control.

5.      Each interrogatory is to be answered separately and as completely as possible. The fact that an investigation is continuing or that discovery is not complete shall not be used as an excuse for failure to answer each interrogatory as fully as possible. The omission of any name, fact, or other item of information for answer shall be deemed a representation that such name, fact, or item was not known to you, your attorney, or other representatives at the time of service of the answers.

6.      In answering the following Interrogatories, you must furnish all available information, including information in the possession, custody, or control of your attorneys, directors, officers, agents, employees, representatives, associates, investigators, division affiliates, partnerships, parents, subsidiaries, and persons under your control, who have the best knowledge concerning such information, not merely information known to you based on your own personal knowledge.

7.      If you cannot fully respond to any Interrogatory after exercising due diligence to secure the information requested, you must so state and specify the portion of each Interrogatory

that cannot be responded to fully and completely. You must further state what efforts were made to obtain the requested information, the facts relied upon to support the contention that the Interrogatory cannot be answered fully and completely, and what knowledge, information, or belief you have concerning the unanswered portion of any such Interrogatory.

8.      If your response to a particular Interrogatory is a statement that you lack the ability to comply with that Interrogatory, you must specify whether the inability to comply is because the particular item or category of information never existed, has been destroyed, has been lost, misplaced, or stolen, or has never been or is no longer in your possession, custody, or control, in which case the name and address of any person or entity known or believed by you to have possession, custody, or control of that information or category of information must be identified.

9.      If you object to any Interrogatory or any particular portion thereof, you must state with specificity the grounds for such objection. If you object to any particular portion of any Interrogatory, you are nevertheless required to respond to all other portions of such Interrogatory as to which there is no objection.

10.     These Interrogatories incorporate all instructions set forth in Local Rule 26.2. If the attorney-client privilege, attorney work product doctrine, or any other privilege or immunity from discovery is claimed as to any response called for by these Interrogatories, you must describe the basis of the privilege claimed and the information alleged to be privileged in detail sufficient to enable the Court to decide if the privilege has been properly invoked, as required by Federal Rule 26(b)(5) and Local Rule 26.2.

11.     Pursuant to Federal Rule 26(e), these Interrogatories are to be regarded as continuing in nature. You are therefore requested to provide, by way of supplemental response,

such additional information that you may hereinafter obtain that will augment or modify the answers now given.

12.     The terms "all," "any," and "each" shall be construed as encompassing any and all.

13.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Interrogatory all responses that might otherwise be construed to be outside of its scope.

14.     The use of the singular form of any word includes the plural and vice versa.

15.     The use of a verb in any tense shall be construed as the use of that verb in all other tenses as necessary to bring within the scope of the Interrogatory all responses that might otherwise be construed to be outside of its scope.

16.     Capitalized terms not defined herein shall have the meanings ascribed to them in the FAC.

17.     The above-referenced terms and the individual Interrogatories should be construed broadly to the fullest extent of their meaning as permitted by the applicable Federal Rules and Local Rules.

## <u>INTERROGATORIES</u>

1.     Identify every individual who has, or reasonably may, or should, have knowledge of facts confirming or opposing the allegation that Nordlicht was "co-chief investment officer of PPVA" and a "Managing Member" as well a "founder" of "Platinum Management", as alleged in paragraphs 12(i) and 41 of the FAC; and that Nordlicht was a member of the "risk committee", and the "valuation committee" as alleged in paragraphs 44 and 45 of the FAC, and describe those facts.

2.     Identify every individual who has, or reasonably may, or should, have knowledge

of facts concerning or opposing the allegation that Nordlicht was a "concealed owner(s) and co-lead manager(s) of the Beechwood Entities" as alleged in paragraph 85 of the FAC, and describe those facts.

       3.      Identify every individual who has, or reasonably may, or should, have knowledge of facts about the alleged offer claimed to have been made to Marcos Katz giving him "the opportunity to exchange his investment in PPVA for an interest in Platinum Management and certain other consideration", as alleged in paragraphs 133 of the FAC, and describe those facts.

       4.      Identify every individual who has, or reasonably may, or should, have knowledge of facts supporting or opposing the allegation that "in March 2016, Katz conspired with Levy, Nordlicht and other Platinum Defendants to develop the plan to transfer PPVA's interest in Agera Energy to an 'insider' ", as alleged in paragraphs 136 and 596 of the FAC, and describe those facts.

       5.      Identify every individual who has, or reasonably may, or should, have knowledge of facts concerning the Second Scheme, including, without limitation, Katz's purported knowledge thereof or involvement or participation therein, including that described in paragraphs 136 of the FAC, and describe those facts.

       6.      Identify every individual who has, or reasonably may, or should, have knowledge of facts concerning the Security Lockup, including, without limitation, Katz's purported knowledge thereof or involvement or participation therein, and describe those facts.

       7.      Identify every individual who has, or reasonably may, or should, have knowledge of facts concerning the valuation of PPVA's investments and assets, including, without limitation, Katz's purported knowledge thereof or involvement or participation therein, and describe those facts.

       8.      Identify every individual who has, or reasonably may, or should, have knowledge of facts concerning the allegation of the dissipation of PPVA's assets, including, without limitation, Katz's purported knowledge thereof or involvement or participation therein, and describe those facts.

       9.      Identify every individual who has, or reasonably may, or should, have knowledge

of facts concerning the operation and management of Platinum Management, including, without limitation, Katz's purported knowledge thereof or involvement or participation therein, and describe those facts.

10.     Identify every individual who has, or reasonably may, or should, have knowledge of facts concerning the relationship between the Beechwood Entities and Platinum Management, including, without limitation, Katz's purported knowledge thereof or involvement or participation therein, and describe those facts.

11.     Identify every individual who has, or reasonably may, or should, have knowledge of facts concerning PPVA liquidity issues, including, without limitation, Katz's purported knowledge thereof or involvement or participation therein, and describe those facts.

12.     Identify every individual who has, or reasonably may, or should, have knowledge of facts concerning any option or opportunity offered or suggested to or by Marcos Katz or Adela Katz to (a) exchange their investment in PPVA or its subsidiaries or affiliates for an interest in Platinum Management or for any other consideration or (b) appoint a representative to oversee their interest in PPVA, Platinum Management, the BEOF Funds, or any other funds managed by the Platinum Defendants, and describe those facts.

13.     Identify every individual who has, or reasonably may, or should, have knowledge of facts concerning any involvement or participation by Katz in, or Katz's role at, PPVA, PPCO, Platinum Management, the BEOF Funds, Beechwood, the Beechwood Entities, or any other fund managed by the Platinum Defendants, and describe those facts.

14.     Identify every individual who has, or reasonably may, or should, have knowledge of facts concerning any control exerted by Katz over PPVA, PPCO, Platinum Management, the BEOF Funds, Beechwood, the Beechwood Entities, or any other fund managed by the Platinum Defendants, and describe those facts.

15.     Identify every individual who has, or reasonably may, or should, have knowledge of facts concerning Exhibit 81 to the FAC, and the contents thereof, including, without limitation, related e-mail threads, and describe those facts.

16.    Identify every individual who has, or reasonably may, or should, have knowledge of facts concerning Exhibit 82 to the FAC and the contents thereof, including, without limitation, related e-mail threads, and describe those facts.

17.    Identify every individual who has, or reasonably may, or should, have knowledge of facts concerning Exhibit 86 to the FAC and the contents thereof, including, without limitation, related e-mail threads.

18.    Identify every individual who has, or reasonably may, or should, have knowledge of facts concerning any contracts or agreements between or among Katz, PPVA, PPCO, Platinum Management, the Platinum Defendants, the BEOF Funds, Beechwood, the Beechwood Entities, or any other fund managed by the Platinum Defendants, and describe those facts.

19.    Identify every individual who has, or reasonably may, or should, have knowledge of facts concerning the allegation in paragraphs 12(i) of the FAC that Nordlicht "was a direct beneficiary of all of the inflated distributions, fees and other payments made to Platinum Management by PPVA" , and describe those facts

20.    Identify every individual who has, or reasonably may, or should, have knowledge of facts concerning the allegation that Nordlicht "was involved in every aspect of the First and Second Schemes…" including "using his position as a member of the valuation committee to falsely inflate the valuation of PPVA's assets", as alleged in paragraph 48 of the FAC, and describe those facts.

21.    Identify every individual who has, or reasonably may, or should, have knowledge of facts concerning the allegation that part of Nordlicht's activities in furtherance of the First and Second Scheme was "orchestrating the series of transactions among PPVA to mask the inflation of PPVA's NAV and the overpayment of fees and other amounts to the Platinum Defendants", as alleged in paragraphs 48 of the FAC, and describe those facts.

22.    Identify every individual who has, or reasonably may, or should, have knowledge of facts concerning the allegation of Nordlicht "orchestrating the Black Elk Scheme,"

11

as alleged in paragraph 48 of the FAC, and describe those facts.

23.     Identify every individual who has, or reasonably may, or should, have knowledge of facts concerning the allegation of Nordlicht "using his position to cause PPVA to engage in the . . . Security Lock-Up," as alleged in paragraph 48 of the FAC, and describe those facts.

24.     Identify every individual who has, or reasonably may, or should, have knowledge of facts concerning the allegation of Nordlicht "transfer[ring] ownership and control of Agera to the Beechwood Entities," as alleged in paragraphs 193 and 618 of the FAC, and describe those facts.

25.     Identify every individual who has, or reasonably may, or should, have knowledge of facts concerning the allegation that "the majority ownership in and ultimate control of Beechwood was in fact held by Nordlicht, Huberfeld, Bodner and Levy, while Taylor and Feuer maintained ostensible and nominal management authority, with Levy", as alleged in paragraph 334 of the FAC, and describe those facts.

26.     Identify every individual who has, or reasonably may, or should, have knowledge of facts concerning the allegation that "The managing member of Beechwood Investments was N Management LLC, an entity controlled by Nordlicht", as alleged in paragraph 370 of the FAC, and describe those facts.

For each cause of action alleged against Bodner in the FAC, identify and describe the method of computation of each category of damage claimed and the amount of damages claimed.

Dated: February 28, 2019
       New York, New York

                    REGOSIN, EDWARDS, STONE & FEDER, ESQS.

                    By: _____/S/_____
                            Saul E. Feder, Esq.
                            225 Broadway, Suite 613
                            New York, New York 10007
                            Telephone: 212-619-1990
                            Fax: 212-964-9516
                            E-mail: sfeder@resflaw.com
                            *Attorneys for Defendant Mark Nordlicht*

12

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the foregoing upon the following counsel of record via email:

Barbara R. Parlin, Esq. (Barbra.parlin@hklaw.com)
Elliot Archer Magruder, Esq. (elliot.magruder@hklaw.com)
Mitchell J. Geller, Esq. (Mitchell.geller@hklaw.com)
Qian Shen, Esq. (Qian.shen@hklaw.com)
Peter Richard Jarvis (Peter.jarvis@hklaw.com)
Richard A. Bixter, Jr. Esq. (Richard.bixter@hklaw.com)
Timothy D. Belevetz, Esq. (Timothy.belevetz@hklaw.com)
Trisha M. Rich, Esq. (Trisha.rich@hklaw.com)
Warren E. Gluck, Esq. (Warren.gluck@hklaw.com)

WITH A COPY TO:

Eliot Lauer, Esq. (elauer@curtis.com)
Jacques Semmelman, Esq. (jsemmelman@curtis.com)
Gabriel Hertzberg, Esq. (ghertzberg@curtis.com)
Eric R. Breslin, Esq. (erbreslin@duanemorris.com)
Melissa S. Geller, Esq. (MSGeller@duanemorris.com)
Jeffrey Charles Daniels, Esq. (jdaniels@jeffreycdanielspc.com)
Matthew Gage Coogan, Esq. (mcoogan@lswlaw.com)
David Hodges, Esq. (dhodges@lswlaw.com)
Steven B. Feigenbaum, Esq. (sfeigenbaum@katskykorins.com)
Eric M. Creizman, Esq. (ecreizman@piercebainbridge.com)
Kim Steven Juhase, Esq. (kimjuhase@cs.com)
Lawrence Robert Gelber, Esq. (gelberlaw@aol.com)
Lisamarie Francis Collins, Esq. (LCollins@mintz.com)
Therese Marie Doherty, Esq. (tdoherty@herrick.com)
Stuart J. Glick, Esq. (stuart.glick@tklaw.com)
Brittney Melissa Edwards, Esq. (brittney.edwards@tklaw.com)
Nicholas Shea Davis, Esq. (nick.davis@tklaw.com)
Adam Philip Cohen, Esq. (acohen@wmhlaw.com)
Jeffery Li Ding, Esq. (jding@wmhlaw.com)
Sean T. Haran, Esq. (sharan@wmhlaw.com)
Wendy Helene Schwartz, Esq. (wschwartz@binderschwartz.com)
Gregory Charles Pruden, Esq. (gpruden@binderschwartz.com)
Ira S. Lipsius, Esq. (iral@lipsiuslaw.com)
Kenneth A. Zitter, Esq. (kzitter@aol.com)
Daniel Tepper, Esq. (tepper@whafh.com)
Jordan A. Meddy, Esq. (jmeddy@loeb.com)
Peter Gregory Schwed, Esq. (gschwed@loeb.com)
Tovia Jakubowitz, Esq. (tovia@jakubowitzchuang.com)

Avraham Chaim Moskowitz, Esq. (amoskowitz@mb-llp.com)
Yehuda David Scharf, Esq. (dscharf@morrisoncohen.com)
Daniel Cahen Isaacs, Esq. (disaacs@morrisoncohen.com)
Donald Howard Chase, Esq. (dchase@morrisoncohen.com)
Barry L. Cohen, Esq. (bcohen@sorinroyercooper.com)
Marc E. Hirschfield, Esq. (MHirschfield@rccblaw.com)
Marc F. Skapof, Esq. (mskapof@rccblaw.com)
John David Penn, Esq. (jpenn@perkinscoie.com)
James D. Mathias, Esq. (james.mathias@dlapiper.com)
Mark Leslie Deckman, Esq. (Mark.Deckman@dlapiper.com)
Ellen E. Dew, Esq. (ellen.dew@dlapiper.com)
Kathleen Ann Birran, Esq. (kathleen.birrane@dlapiper.com)
Aidan Middlemiss McCormack, Esq. (aidan.mccormack@dlapiper.com)
Robert Brian Seibert, Esq. (brian.seibert@dlapiper.com)
Adam Craig Silverstein, Esq. (asilverstein@oshr.com)
John Evans Jureller, Esq. (jjureller@klestadt.com)
Edward Jonathan Canter, Esq. (ecanter@proskauer.com)
Mark David Harris, Esq. (mharris@proskauer.com)
Stacey Paige Eilbaum, Esq. (seilbaum@proskauer.com)
Steven H. Holinstat, Esq. (sholinstat@proskauer.com)
Eli Bard Richlin, Esq. (erichlin@wsgr.com)
Jae Young Jeong, Esq. (ajeong@wsgr.com)
Katherine Talbot McCarthy, Esq. (kmccarthy@wsgr.com)
Michael S Sommer, Esq. (msommer@wsgr.com)
Morris J. Fodeman, Esq. (mfodeman@wsgr.com)
Naima Lillian Farrell, Esq. (nfarrell@gibsondunn.com)
Daniel Aaron Schleifstein, Esq. (daniel.schleifstein@piblaw.com)
James Paul Berg, Esq. (james.berg@piblaw.com)
Sanjay Perviz Ibrahim, Esq. (sanjay.ibrahim@piblaw.com)
Adam J. Kaiser, Esq. (adam.kaiser@alston.com)
Daniella Patricia Main, Esq. (daniella.main@alston.com)
Jenna Chelsea Polivy, Esq. (jenna.polivy@alston.com)
John M. Aerni, Esq. (john.aerni@alston.com)
William Hao, Esq. (william.hao@alston.com)

Dated: February 28, 2019

   */s/ Saul E. Feder*
   Saul E. Feder