UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE PLATINUM-BEECHWOOD LITIGATION | Master Docket No. 1:18-cv-06658-JSR |
| MARTIN TROTT and CHRISTOPHER SMITH, as Joint Official Liquidators and Foreign Representatives of PLATINUM PARTNERS VALUE ARBITRAGE FUND L.P. (in Official Liquidation) and PLATINUM PARTNERS VALUE ARBITRAGE FUND L.P. (in Official Liquidation),<br><br>Plaintiffs,<br><br>-against-<br><br>PLATINUM MANAGEMENT (NY) LLC, et al.,<br><br>Defendants. | Case No. 1:18-cv-10936-JSR |

**DEFENDANT LEON MEYERS' MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT**

WOLF HALDENSTEIN ADLER
 FREEMAN & HERZ LLP
270 Madison Avenue
New York, New York 10016
(212) 545-4600

*Counsel to Defendant Leon Meyers*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1
ARGUMENT ........................................................................................................................... 2
I.  Plaintiffs Lack Standing Under the *Wagoner* Rule to Sue Leon Meyers ............................... 2
II. Alternatively, the Connection Between PPVA and Leon Meyers is too Attenuated
    to Support a Claim for Unjust Enrichment .............................................................................. 6
CONCLUSION ....................................................................................................................... 8

# TABLE OF AUTHORITIES

**CASES**                                                                                                                      **Page(s)**

*Breeden v. Kirkpatrick & Lockhart,*
   268 B.R. 704 (S.D.N.Y. 2001) ............................................................................................... 3

*Bullmore v. Ernst & Young Cayman Is.,*
   20 Misc. 3d 667 (Sup. Ct., N.Y. Cnty. 2008) ........................................................................ 5

*Concord Capital Mgmt., LLC v. Fifth Third Bank,*
   No. 650478/2010, 2011 WL 10564345 (Sup. Ct., N.Y. Cnty. Dec. 1, 2011),
   *aff'd sub. nom. Concord Capital Mgt., LLC v. Bank of America, N.A.*,
   102 A.D.3d 406 (1st Dep't 2013), *lv to appeal denied,* 21 N.Y.3d 851 (2013) ................. 5, 6

*Georgia Malone & Co., Inc. v. Rieder,*
   19 N.Y.3d 511 (2012) ............................................................................................................. 7

*In re ICP Strategic Credit Income Fund Ltd.,*
   568 B.R. 596 (S.D.N.Y. 2017) ............................................................................................ 5-6

*Kirschner v. KPMG LLP,*
   15 N.Y.3d 446 (2010) .................................................................................................. 3, 4, 5, 6

*In re Magnesium Corp.,*
   399 B.R. 722 (Bankr. S.D.N.Y. 2009) .................................................................................... 3

*Mandarin Trading Ltd. v. Wildenstein,*
   16 N.Y.3d 173 (2011) ............................................................................................................. 7

*In re Mediators, Inc.,*
   105 F.3d 822 (2d Cir. 1997) ................................................................................................... 2

*Parmalat Sec. Litig.,*
   477 F. Supp. 2d 602 (S.D.N.Y. 2007) .................................................................................... 3

*Pergament v. Amton Inc.,*
   581 B.R. 16 (Bankr. E.D.N.Y. 2018) .................................................................................. 2, 3

*Ross v. Bolton,*
   904 F.2d 819 (2d Cir. 1990) ................................................................................................... 2

*Shearson Lehman Hutton, Inc. v. Wagoner,*
   944 F.2d 114 (2d Cir. 1991) ........................................................................................ *passim*

*In re Verestar, Inc.*,
  343 B.R. 444 (Bankr. S.D.N.Y. 2006) ........................................................................................2

*Wight v. BankAmerica Corp.*,
  219 F.3d 79 (2d Cir. 2000) ....................................................................................................3, 4

## **STATUTES & RULES**

Fed. R. Civ. P.
  Rule 12(b)(6) ...............................................................................................................................1

Defendant Leon Meyers respectfully submits this Memorandum of Law in Support of his motion to dismiss the Second Amended Complaint (*Trott* D.E. 285) under Federal Rule of Civil Procedure 12(b)(6).[1]

## PRELIMINARY STATEMENT

Plaintiffs allege that Leon Meyers "is a long term investor in various funds managed by the Platinum Defendants who was a personal friend of both Nordlicht and Levy" and that they had lunch and vacationed together. ¶¶ 166-167. *See* Opinion dated April 11, 2019 (*Trott* D.E. 290) at 32 ("Meyers is alleged only to be a long-term Platinum investor and a friend of Nordlicht's and Levy's").

Though he is alleged to be a Preferred Investor in the BEOF Funds and to have received a distribution from the BEOF Funds, ¶¶ 138 and 506, Mr. Meyers is not alleged to have invested directly in PPVA or to have had any other dealings with PPVA.

The Court previously dismissed Plaintiffs' claims against Mr. Meyers for aiding and abetting fraud breach of fiduciary duty (9th count) and aiding and abetting fraud (10th count). The only remaining claim against Mr. Meyers is for unjust enrichment (15th count). *Trott* D.E. 290.[2] That claim must be dismissed under *Shearson Lehman Hutton, Inc. v. Wagoner*, 944 F.2d 114, 120 (2d Cir. 1991), because Plaintiffs lack standing to assert claims against non-insider third parties to recover for injuries to PPVA allegedly caused by the insider Platinum Defendants.

---

[1] Capitalized terms which are not defined in this brief have the same meaning as in the Second Amended Complaint. References to ¶ are to the numbered paragraphs therein.

[2] Plaintiffs nevertheless included the dismissed claims against Mr. Meyers in their Second Amended Complaint "so as to preserve Plaintiffs' rights during the appeal period and prior to this Court's forthcoming opinion." *See Trott* D.E. 285 at iii n.1. To the extent he is required to do so, Mr. Meyers respectfully submits that the claims previously dismissed from the First Amended Complaint be likewise dismissed from the Second Amended Complaint for the reasons in the Court's Opinion dated April 11, 2019 (*Trott* D.E. 290).

Should the Court nevertheless find that Plaintiffs have standing, the connection between Mr. Meyers and PPVA is simply too remote to support a claim for unjust enrichment under New York law.[3]

**ARGUMENT**

I. **Plaintiffs Lack Standing Under the *Wagoner* Rule to Sue Leon Meyers**

The well-reasoned doctrine of *in pari delicito* prohibits a party from suing another for a wrong in which the party participated. *See, e.g., Ross v. Bolton*, 904 F.2d 819, 824 (2d Cir. 1990). The doctrine applies to party successors such as bankruptcy trustees and creditors' committees who stand in the shoes of a company in liquidation. *In re Mediators*, *Inc.*, 105 F.3d 822, 825-826 (2d Cir. 1997). Plaintiffs – "the Court-appointed Joint Official Liquidators and Foreign Representatives of [PPVA] (in Official Liquidation)" – are bankruptcy trustees by another name. ¶ 2; *see also* ¶¶ 294-298. The JOLs are therefore subject to the doctrine of *in pari delicto*.

It is well settled that "[a] claim against a third party for defrauding a corporation with the cooperation of management accrues to creditors, not to the guilty corporation." *Wagoner*, 944 F.2d at 120. Thus, "a bankruptcy trustee lacks standing to bring a claim against *third parties* 'for defrauding a corporation with the cooperation of management.'" *Pergament v. Amton Inc.*, 581 B.R. 16, 30 (Bankr. E.D.N.Y. 2018) (emphasis original, quotation omitted), quoting *Wagoner*, 944 F.2d at 120. *See also In re Verestar, Inc.*, 343 B.R. 444, 478 (Bankr. S.D.N.Y. 2006) (a "plaintiff acting on behalf of a debtor cannot sue [a] third party for damages for which the corporation itself can be held responsible").

---

[3] Mr. Meyers adopts and incorporates by reference the other defendants' arguments in support of their respective motions to dismiss to the extent they are not inconsistent with the arguments in this brief.

The actions of the Platinum Defendants who managed and controlled PPVA are imputed to PPVA under traditional agency principles notwithstanding that they are alleged to have defrauded the company.[4] *Kirschner v. KPMG LLP*, 15 N.Y.3d 446, 465 (2010) ("Agency law presumes imputation even where the agent…commits fraud"). "[A] corporation is represented by its officers and agents, and their fraud in the course of the corporate dealings is in law the fraud of the corporation." *Id.* (quotation and citation omitted).

The *Wagoner* Rule is founded on the doctrine of *in pari delicto* and imputation of management's misconduct to the company itself. *Pergament*, 581 B.R. at 30. *See generally In re Parmalat Sec. Litig.*, 477 F. Supp. 2d 602, 609 n.45 (S.D.N.Y. 2007) (the *Wagoner* Rule is "quite similar to…*in pari delicto*, but *Wagoner* is a rule of standing, rather than a defense to liability"); *In re Magnesium Corp.*, 399 B.R. 722, 761-62 (Bankr. S.D.N.Y. 2009) ("*Wagoner* and its progeny, applying what is in substance a rule of agency law…impute the wrongful conduct of predecessor management to the corporation itself and then to the bankruptcy trustee…. [M]anagement's imputed misconduct gives rise to an *in pari delicto* defense"); *Breeden v. Kirkpatrick & Lockhart,* 268 B.R. 704, 710 (S.D.N.Y. 2001) (the "*Wagoner* rule imputes the misconduct of corrupt management to the corporation whenever management dominates the company"). Therefore, "[b]ecause management's misconduct is imputed to the corporation, and because a trustee stands in the shoes of the corporation, the *Wagoner* rule bars a trustee from suing to recover for a wrong that he himself essentially took part in." *Wight v. BankAmerica Corp.*, 219 F.3d 79, 87 (2d Cir. 2000).

---

[4] The Complaint defines the "Platinum Defendants" to consist of PPVA's general partner (Platinum Management) and the "individuals who owned, operated and managed Platinum Management" (Nordlicht, Landesman, Huberfeld, Bodner, Fuchs, Levy, Small, SanFilippo, Ottensoser, Manela, Saks and Beren). *See* ¶¶ 3, 7.

As it relates to Plaintiffs' sole remaining claim against Mr. Meyers for unjust enrichment, Plaintiffs allege that "*the Platinum Defendants caused PPVA* to transfer approximately $36 million of the Sterling Bank Deposit [partial proceeds from the Renaissance Sale] to bank accounts in the name of the BEOF Funds at North Fork Bank." ¶ 505 (emphasis added). Next, Plaintiffs allege the "BEOF Funds subsequently distributed the amounts they received to the Preferred Investors of the BEOF Funds," including to Mr. Meyers. ¶ 506. *See also* ¶ 949 ("*the Platinum Defendants intentionally engaged in certain acts* that resulted in the improper conveyance and transfer of $36 million…to the BEOF Funds and the Preferred Investors of the BEOF Funds…" (emphasis added); ¶ 950 ("*[t]he Platinum Defendants orchestrated the Black Elk Scheme* in part to divert the proceeds of the Renaissance Sale away from PPVA for the benefit of the BEOF Funds and the Preferred Investors of the BEOF Funds." (emphasis added).

Under the *Wagoner* Rule, Plaintiffs (who stand in the shoes of PPVA) lack standing to sue true third parties like Mr. Meyers for injuries *to PPVA* caused by the Platinum Defendants' alleged misconduct because the Platinum Defendants' alleged misconduct is imputed to PPVA.[5] It has been the law in New York "for over a century that all corporate acts – including fraudulent ones – are subject to the presumption of imputation." *Kirschner*, 15 N.Y.3d at 466. "Like a natural person, a corporation must bear the consequences when it commits fraud." *Id.* at 465, *citing Wight*, 219 F.3d at 86-87.

Plaintiffs may argue the Platinum Defendants' alleged misconduct comes within the adverse interest exception to imputation. For this "most narrow of exceptions" to apply, "the agent [*i.e.*, the Platinum Defendants] 'must have *totally abandoned* his principal's [*i.e.*, PPVA's]

---

[5] As the Court noted in its Opinion dated April 11 2019, "Leon Meyers is alleged only to be a long-term Platinum investor and a friend of Nordlicht's and Levy's." *Trott* D.E. 290 at 32. The Court properly found that "the allegations in the [Complaint] establish no more than guilt by association with respect to the Preferred Investors." *Id.* at 31.

4

interest and be acting *entirely* for his own or another's purposes.'" *Kirschner*, 15 N.Y.3d at 468 (emphasis original), *quoting Center v. Hampton Affiliates, Inc.*, 66 N.Y.2d 782, 784-85 (1985). "[T]he principle that a wrongdoer should not profit from his own misconduct is so strong in New York that [the Court of Appeals has] said that the defense applies even in difficult cases and should not be 'weakened by exceptions.'" *Kirschner*, 15 N.Y.3d at 464, *quoting McConnell v. Commonwealth Pictures Corp.*, 7 N.Y.2d 465, 470 (1960).

The Platinum Defendants did not *totally abandon* PPVA's interest because Plaintiffs concede that PPVA received $47 million from the proceeds of the Renaissance Sale, of which it retained $11 million even after $36 million was allegedly transferred to the BEOF Funds. ¶¶ 503-505. "[I]f a fraud brings money into the company's own coffers, the adverse interest exception is unavailable, irrespective of whether the benefit to the agent is great and the benefit to the company is small." *Concord Capital Mgmt., LLC v. Fifth Third Bank*, No. 650478/2010, 2011 WL 10564345, at *7 (Sup. Ct., N.Y. Cnty. Dec. 1, 2011), *aff'd sub. nom. Concord Capital Mgmt., LLC v. Bank of America, N.A.*, 102 A.D.3d 406 (1st Dep't 2013), *lv to appeal denied,* 21 N.Y.3d 851 (2013). "[W]here a corporation benefits *to any extent* from the alleged wrongful acts of its agents, the agents cannot be said to have 'totally' abandoned the corporation's interests." *Bullmore v. Ernst & Young Cayman Is.*, 20 Misc. 3d 667, 672 (Sup. Ct., N.Y. Cnty. 2008) (emphasis added).

Plaintiffs further concede that the Black Elk Scheme "permitted the Platinum Defendants to continue PPVA as an ongoing fund", *see* ¶ 956. *See also* ¶¶ 24, 33 (PPVA should have been liquidated in 2013 but was actually liquidated in 2016). This Court recognizes that the New York Court of Appeals "determined that simply keeping a business alive was enough of a benefit to defeat the adverse interest exception." *In re ICP Strategic Credit Income Fund Ltd.*, 568 B.R.

5

596, 611 (S.D.N.Y. 2017), *citing Kirschner*, 15 N.Y.3d at 468 ("[s]o long as the corporate wrongdoer's fraudulent conduct enables the business to survive [the adverse interest exception] is not met"). *See also Concord Capital Mgmt.*, 102 A.D.3d at 406 (same).[6]

Accordingly, the *Wagoner* Rule provides that Plaintiffs lack standing to assert claims against third parties like Mr. Meyers because the Platinum Defendants' alleged misconduct is imputed to PPVA. The exceedingly narrow adverse interest exception does not apply because PPVA benefited to a degree from the alleged misconduct. Accordingly, the Second Amended Complaint must be dismissed in its entirety as against Mr. Meyers.

## II. Alternatively, the Connection Between PPVA and Leon Meyers is too Attenuated to Support a Claim for Unjust Enrichment

Alternatively, the Court should dismiss Plaintiffs' sole remaining claim against Mr. Meyers for unjust enrichment because the connection between Mr. Meyers and PPVA is simply too remote.

Mr. Meyers is alleged to be a "Preferred Investor in the BEOF Funds." ¶ 166. Plaintiffs concede the BEOF Funds were organized separately from PPVA and "were not PPVA subsidiaries." ¶ 451. Plaintiffs acknowledge that "the BEOF Funds were a standalone mechanism by which…certain preferred investors were offered the opportunity to invest in Black Elk 'outside the regular funds,'" *i.e.,* outside of PPVA. ¶ 452. The only allegations against Mr. Meyers are that he is friends with Messrs. Nordlicht and Levy, that he invested in some other funds managed by the Platinum Defendants, and that he received a distribution from the BEOF Funds. ¶¶ 166, 167, 506. He is not alleged to have personally invested in PPVA and there are no allegations of any dealings between Mr. Meyers and PPVA.

---

[6] Plaintiffs also allege throughout the Complaint that the Platinum Defendants' alleged misconduct resulted in the persistent inflation of PPVA's net asset value (NAV). *See, e.g.,* ¶¶ 313 *et seq.* This also allowed PPVA to continue in existence for longer than it otherwise could have.

The New York Court of Appeals has held that "a claim [for unjust enrichment] will not be supported if the connection between the parties is too attenuated." *Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 182 (2011), citing *Sperry v. Crompton Corp.*, 8 N.Y.3d 204, 215 (2007) (a claim for unjust enrichment requires the parties to have a sufficiently close relationship). More particularly, a claim for unjust enrichment cannot proceed "where the pleadings failed to indicate a relationship between the parties that could have caused reliance or inducement." *Mandarin Trading,* 16 N.Y.3d at 182. In other words, a claim for unjust enrichment requires the parties to have had "dealings with each other." *Georgia Malone & Co., Inc. v. Rieder*, 19 N.Y.3d 511, 517-518 (2012) (elaborating on *Sperry* and *Mandarin Trading*).

Plaintiffs allege no dealings between Meyers and PPVA. Even under the most favorable reading, the Second Amended Complaint fails to allege any relationship between Meyers and PPVA that gives rise to reliance or inducement. Accordingly, Plaintiffs' unjust enrichment claim against Mr. Meyers must be dismissed.

## **CONCLUSION**

For the reasons above, the Court should dismiss the Second Amended Complaint against Leon Meyers in its entirety and grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
April 22, 2019

**WOLF HALDENSTEIN ADLER**
**FREEMAN & HERZ LLP**

/s/ Daniel Tepper
Daniel Tepper
270 Madison Avenue
New York, New York 10016
Tel.: (212) 545-4600
Fax: (212) 686-0114
tepper@whafh.com

*Attorneys for defendant Leon Meyers*

804078