United States District Court
Southern District of New York

---------------------------------------- x
                                         :
In re Platinum-Beechwood Litigation,     :     No. 18 Civ. 6658 (JSR)
                                         :
---------------------------------------- x
                                         :
Martin Trott, et al.,                    :
                                         :
                Plaintiffs,          :
                                         :
      vs.                             :
                                         :     No. 18 Civ. 10936 (JSR)
Platinum Management (NY) LLC, et al.,    :
                                         :
                Defendants.          :
                                         :
---------------------------------------- X

Memorandum of Law of Defendants Morris Fuchs, Estate of Jules
Nordlicht, Barbara Nordlicht, FCBA Trust, Aaron Parnes, Sarah Parnes,
Shmuel Fuchs Foundation, Solomon Werdiger, David Gichtin, and Ora Gichtin
<u>In Support of Their Motion To Dismiss The Second Amended Complaint</u>

                                          Law Offices of Kenneth A. Zitter
                                          Attorneys for Defendants,
                                             Morris Fuchs, Estate of Jules
                                             Nordlicht, Barbara Nordlicht,
                                             FCBA Trust, Aaron Parnes,
                                             Sarah Parnes, Shmuel Fuchs
                                             Foundation, Solomon Werdiger,
                                             David Gichtin and Ora Gicthin
                                          260 Madison Avenue
                                          New York, New York 10016
                                          212-532-8000

Table of Contents

Table of Authorities ................................................................................................................. ii

Preliminary Statement .............................................................................................................. 1

Argument ................................................................................................................................. 2

    The Unjust Enrichment Claim Against All Moving
    Defendants Should Be Dismissed Under *Wagoner* ................................................................ 2

    The Aiding and Abetting Claims Against David and Ora Gichtin
    Should Be Dismissed Pursuant to the Court's April 11 Opinion ............................................. 3

Table of Authorities

Page

Cases

*Georgia Malone & Co., Inc. v. Rieder*,
  19 N.Y.3d 511 (2012) .............................................................................................................. 2

*Shearson Lehman Hutton, Inc. v. Wagoner*,
  944 F.2d 114 (2d Cir. 1991) ................................................................................................. 1, 2

Rules

Fed. R. Civ. P. 12(b)(6) .................................................................................................................. 1

Defendants Morris Fuchs, Estate of Jules Nordlicht, Barbara Nordlicht, FCBA Trust, Aaron Parnes, Sarah Parnes, Shmuel Fuchs Foundation, Solomon Werdiger, David Gichtin, and Ora Gichtin (collectively, the "Moving Defendants") respectfully move to dismiss the Second Amended Complaint (ECF No. 285) (the "SAC") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.[1]

Preliminary Statement

In its Opinion dated April 11, 2019 (ECF No. 290) (the "April 11 Opinion" or "Op."), the Court dismissed Plaintiffs' claims for aiding and abetting breach of fiduciary duty (Ninth Count) and aiding and abetting fraud (Tenth Count) against all Moving Defendants other than David and Ora Gichtin, who had not been served at the time the underlying motion was filed. (Op. at 33-34; *see also* ECF Nos. 266-67). Those Moving Defendants now move to dismiss the only remaining claim against them – a claim for unjust enrichment (Fifteenth Count). The Moving Defendants join in the Motion to Dismiss filed by defendant Leon Meyers (ECF No. 313), whose motion (the "Wagoner Motion") is based principally on *Shearson Lehman Hutton, Inc. v. Wagoner*, 944 F.2d 114, 120 (2d Cir. 1991), and the doctrine of *in pari delicto*.

David and Ora Gichtin join in the Wagoner Motion, but also move with respect to the two aiding and abetting counts in the SAC, as they are situated in the exact same position as the other Moving Defendants. For the reasons set forth in the April 11 Opinion, those counts should be dismissed against David and Ora Gichtin too.

Finally, Moving Defendants Barbara Nordlicht and Sarah Parnes move to dismiss the unjust enrichment claim on the additional ground that – unlike the other Moving Defendants – the SAC does not allege that they individually received <u>any</u> payments from PPVA.

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the SAC. ECF citations refer to the *Trott* docket.

1

<u>Argument</u>

The Unjust Enrichment Claim Against All Moving
Defendants Should Be Dismissed Under *Wagoner*

The Moving Defendants are alleged to have been enriched by distributions from the BEOF Funds "at the expense of PPVA" (SAC ¶ 952), with the exception of Barbara Nordlicht and Sarah Parnes, for whom there are no allegations of enrichment at all (SAC ¶ 506). No Moving Defendant is alleged to have invested directly in PPVA or to have received a transfer from PPVA. Rather, the unjust enrichment claim is based on transfers the Moving Defendants (again, other than Barbara Nordlicht and Sarah Parnes) received from the BEOF Funds. The SAC alleges that the source of those transfers was funds fraudulently obtained from Black Elk, procured by PPVA's managers through the Black Elk Scheme. The SAC alleges that as a result of that Scheme, PPVA received $47 million in ill-gotten gains, of which amount it transferred $36 million to the BEOF Funds, of which a portion was allegedly distributed by the BEOF Funds to the Moving Defendants (other than Barbara Nordlicht and Sarah Parnes) on account of their prior investments in the BEOF Funds. (SAC ¶¶ 504-506). Thus, according to the SAC, PPVA <u>profited</u> from the Black Elk Scheme to the tune of approximately $11 million.

The unjust enrichment claim against the Moving Defendants must be dismissed under *Shearson Lehman Hutton, Inc. v. Wagoner*, 944 F.2d 114, 120 (2d Cir. 1991), because Plaintiffs are *in pari delicto* and thus lack standing to assert the unjust enrichment claim against the Moving Defendants. In addition, the unjust enrichment claim should be dismissed because the connection between the Moving Defendants and PPVA is simply too remote to support such a claim under New York law. *See Georgia Malone & Co., Inc. v. Rieder*, 19 N.Y.3d 511, 517-18 (2012).

For these reasons and for the reasons set forth in the Wagoner Motion, the SAC fails to state a claim for unjust enrichment against the Moving Defendants.

The Aiding and Abetting Claims Against David and Ora Gichtin
<u>Should Be Dismissed Pursuant to the Court's April 11 Opinion</u>

Ora Gichtin is alleged to be defendant Mark Nordlicht's sister.  (SAC ¶ 183).  She and her husband, David Gichtin, were allegedly "provided an interest in the BEOF Funds at the direction of Mark Nordlicht."  (SAC ¶ 183).  These allegations are identical to those against the other Moving Defendants that were dismissed by the Court in its April 11 Opinion.  Like the other Moving Defendants, these allegations "establish no more than guilt by association with respect to" David and Ora Gichtin.  (Op. at 31).  According to the Court's reasoning in the April 11 Opinion, Plaintiffs' allegations "are insufficient to impute actual knowledge to" David and Ora Gichtin, and the SAC "thus fails to state claims for aiding and abetting."  (Op. at 33).

For these reasons and for all the reasons set forth in the April 11 Opinion, the SAC fails to state an aiding and abetting claim against David and Ora Gichtin for which relief can be granted.  The Ninth and the Tenth Counts should be dismissed.

Dated: New York, New York
April 22, 2019

                                                      Law Offices of Kenneth A. Zitter

                                                      By   */s/ Kenneth A. Zitter*
                                                              Kenneth A. Zitter
                                                    Attorney for Defendants,
                                                      Morris Fuchs, Estate of Jules Nordlicht,
                                                      Barbara Nordlicht, FCBA Trust, Aaron
                                                      Parnes, Sarah Parnes, Shmuel Fuchs
                                                      Foundation, Solomon Werdiger, David
                                                      Gichtin and Ora Gichtin
                                                      260 Madison Avenue
                                                      New York, New York 10016
                                                      212-532-8000