UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
In re

PLATINUM-BEECHWOOD LITIGATION.

Civil Action No. 18-cv-6658 (JSR)

------------------------------------------------------------------------
MARTIN TROTT and CHRISTOPHER SMITH, as Joint Official Liquidators and Foreign Representatives of PLATINUM PARTNERS VALUE ARBITRAGE FUND L.P. (in Official Liquidation) and PLATINUM PARTNERS VALUE ARBITRAGE FUND L.P. (in Official Liquidation),

Civil Action No. 18-cv-10936 (JSR)

Plaintiffs,

-against-

PLATINUM MANAGEMENT (NY) LLC, *et al.*,

Defendants.
------------------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/21/19

**STIPULATION**

**WHEREAS**, on March 29, 2019, Plaintiffs Martin Trott and Christopher Smith, as Joint Official Liquidators and Foreign Representatives of Platinum Partners Value Arbitrage Fund L.P. (in Official Liquidation) and for Platinum Partners Value Arbitrage Fund L.P. (in Official Liquidation) (collectively, "Plaintiffs") filed a Second Amended Complaint in the above-captioned actions ("Second Amended Complaint") (Dkt. 285), which alleges claims for aiding and abetting breach of fiduciary duty, aiding and abetting fraud and unjust enrichment against, inter alia, Abraham Grossman ("Grossman") as one of the Preferred Investors of the BEOF Funds arising from those defendants' alleged receipt of certain distributions in connection with the alleged Black Elk Scheme (as defined in the Second Amended Complaint) (collectively, the "Grossman Claims");

WHEREAS, in the action captioned *In re Black Elk Energy Offshore Operations, LLC*, No. 15-34287, pending in the United States Bankruptcy Court for the Southern District of Texas, Richard Schmidt has been appointed the Trustee of the Black Elk Litigation Trust (the "Black Elk Trustee");

WHEREAS, the Black Elk Trustee also has commenced or may commence adversary proceedings in which he has alleged or may allege unjust enrichment, fraudulent transfer and/or other claims against Grossman that arise out of, *inter alia*, Grossman's alleged receipt of distributions in connection with his investment in the Black Elk Opportunity Funds (the "Overlapping Claims");

WHEREAS, the Plaintiffs and the Black Elk Trustee have entered into an agreement concerning the Overlapping Claims ("Agreement"), which Agreement provides, inter alia, that the Overlapping Claims against Grossman will be dismissed with prejudice in this action;

WHEREAS the Agreement further provides that Plaintiffs in this action will pursue claims against any defendants that are not Overlapping Claims;

WHEREAS, the Agreement has been approved by the PPVA Liquidation Committee;

WHEREAS, the Plaintiffs have submitted the Agreement to the Grand Court of the Cayman Islands (the "Cayman Court") for approval;

WHEREAS, upon approval by the Cayman Court, the Agreement will result in dismissal with prejudice of a number of defendants in this action, to wit, those defendants against whom only Overlapping Claims have been asserted or remain;

**IT IS HEREBY STIPULATED AND AGREED,** by and between the attorneys for the respective parties hereto, that all discovery and briefing obligations and deadlines between
2

Grossman and Plaintiffs with respect to the Overlapping Claims are hereby tolled pending approval of the Agreement by the Cayman Court; and

**IT IS HEREBY FURTHER STIPULATED AND AGREED**, that upon the approval of the Agreement by the Cayman Court, the Plaintiffs shall take such actions as may be necessary to dismiss this action with prejudice as against Grossman; and

IT IS HEREBY FURTHER STIPULATED AND AGREED that nothing in this Stipulation will have any effect on any claims that are not Overlapping Claims that Plaintiffs in this Action may otherwise have against Grossman, all rights with respect to which are hereby preserved and reserved and all defenses with respect to which are also hereby preserved and reserved; and

**IT IS HEREBY FURTHER STIPULATED AND AGREED**, that this Stipulation may be filed without further notice and, for the purposes of filing this Stipulation, this Stipulation may be executed in counterparts, which, when taken together, shall constitute the entire Agreement, and that signatures by facsimile and electronic mail should be considered by the Court the same as original signatures; and

[remainder of page intentionally left blank]

IT IS HEREBY FURTHER STIPULATED AND AGREED, Plaintiffs reserve all other rights and remedies at law and equity with respect to Grossman, and Grossman reserves all rights, remedies and defenses at law and equity with respect to Plaintiffs (including dismissal of this action with prejudice), none of which rights, remedies and defenses are waived.

Dated: May 21, 2019
New York, New York

| HOLLAND & KNIGHT LLP | MOSKOWITZ & BOOK, LLP |
|---|---|
| By: _____ <br> Warren E. Gluck Esq. <br> Richard A. Bixter Jr., Esq. <br> 31 West 52nd Street <br> New York, NY 10019 <br> Telephone: (212) 513-3200 <br> Email: <br> warren.gluck@hklaw.com <br> richard.bixter@hklaw.com <br><br> *Attorneys for Plaintiffs Martin Trott and Christopher Smith, as Joint Official Liquidators and Foreign Representatives of Platinum Partners Value Arbitrage Fund L.P. (in Official Liquidation), and for Platinum Partners Value Arbitrage Fund L.P. (in Official Liquidation)* | By: _____ <br> Christopher Neff <br> 345 7th Avenue, 21st Floor <br> New York, New York 10001 <br> Tel: (212) 221-7999 <br><br> *cneff@mb-llp.com* <br><br> *Attorneys for Defendant Abraham Grossman* |

SO ORDERED: _____
HONORABLE JED S. RAKOFF
UNITED STATES DISTRICT JUDGE

Date: 5/21/19