UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------ x
                                           :
IN RE PLATINUM-BEECHWOOD LITIGATION,       :   No. 18 Civ. 6658 (JSR)
                                           :
------------------------------------------ x
                                           :
MARTIN TROTT and CHRISTOPHER SMITH, as Joint :
Official Liquidators and Foreign Representatives of :
PLATINUM PARTNERS VALUE ARBITRAGE FUND     :
L.P. (in OFFICIAL LIQUIDATION) and PLATINUM :   No. 18 Civ. 10936 (JSR)
PARTNERS VALUE ARBITRAGE FUND L.P. (in     :
OFFICIAL LIQUIDATION),                     :
                                           :
                      Plaintiffs,          :
                                           :
            v.                             :
                                           :
PLATINUM MANAGEMENT (NY) LLC, *et al.*,    :
                                           :
                      Defendants.          :
                                           :
------------------------------------------ X

## AMENDED ANSWER OF DEFENDANT DAVID BODNER

Defendant David Bodner, for his amended answer to the Second Amended Complaint (ECF No. 285)[1] (the "SAC"), pursuant to Federal Rule of Civil Procedure 8(b)(iii), denies generally all of the allegations in the SAC insofar as they include him by name or by reference to a group of defendants in which he is included (i.e., the Platinum Defendants and the

---

[1] ECF citations refer to the *Trott* docket, 18 Civ. 10936. Capitalized terms not defined herein shall have the meanings ascribed to them in the SAC.

Beechwood Defendants), and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations, except as follows:

### AS TO PARAGRAPH 3

Bodner admits that he is a defendant in this case and that the JOLs have grouped him with the sets of defendants they call the "Platinum Defendants" and the "Beechwood Defendants," denies that he is a "culpable individual," and otherwise denies knowledge and information sufficient to form a belief of the truth of the allegations in paragraph 3 of the SAC.

### AS TO PARAGRAPH 8

Bodner admits that family entities invested in a business containing the name "Beechwood" in its title and admits that before Beechwood located its own office space it was operated out of the office suite where Platinum Management was headquartered. Bodner otherwise denies knowledge or information with respect to the allegations in paragraph 8.

### AS TO PARAGRAPH 12(i)

Bodner admits the allegations in paragraph 12(i) except denies that distributions were inflated and denies knowledge or information as to whether Nordlicht was direct beneficiary of distributions, fees, or other payments.

### AS TO PARAGRAPH 12(ii)

Bodner admits the allegations in paragraph 12(ii) except denies that distributions were inflated and denies knowledge or information as to whether Landesman was direct beneficiary of distributions, fees, or other payments.

### AS TO PARAGRAPH 12(iii)

Bodner admits that Huberfeld was a founder of Platinum Management and family entities invested in Beechwood entities, sourced investment opportunities, and from time to time met with investors. Bodner denies knowledge or information with respect to the remaining allegations in paragraph 12(iii).

### AS TO PARAGRAPH 12(iv)

Bodner admits that he occasionally interfaced with attorneys for Platinum Management and with PPVA investors he knew socially and professionally. He denies the remaining allegations as to him in paragraph 12(iv).

### AS TO PARAGRAPH 12(v)

Bodner admits that Fuchs at some point acquired an ownership interest in Platinum Management, and occasionally met with investors. Bodner denies knowledge or information with respect to the remaining allegations in paragraph 12(v).

### AS TO PARAGRAPH 12(vi)

Bodner admits that Levy was a portfolio manager at Platinum Management and at one point had the title of co-chief investment officer. Bodner denies knowledge or information with respect to the remaining allegations in paragraph 12(vi).

### AS TO PARAGRAPH 12(vii)

Bodner admits that Steinberg was at various times a portfolio manager and co-chief risk advisor, and a member of the valuation committee. Bodner denies knowledge or information with respect to the remaining allegations in paragraph 12(vii).

### AS TO PARAGRAPH 12(ix)

Bodner admits that SanFilippo held the title of chief financial officer. Bodner denies knowledge or information with respect to the remaining allegations in paragraph 12(ix).

### AS TO PARAGRAPH 12(x)

Bodner admits that Ottensoser held the title of general counsel. Bodner denies knowledge or information with respect to the remaining allegations in paragraph 12(x).

### AS TO PARAGRAPH 12(xi)

Bodner admits that Manela held the title of chief operation officer. Bodner denies knowledge or information with respect to the remaining allegations in paragraph 12(xi).

### AS TO PARAGRAPH 12(xii)

Bodner admits that Saks held the title of portfolio manager. Bodner denies knowledge or information with respect to the remaining allegations in paragraph 12(xii).

### AS TO PARAGRAPH 14

Bodner admits that the FBI executed a search warrant at Platinum Management's offices in late June 2016, and otherwise denies the allegations in paragraph 14.

**AS TO PARAGRAPH 18**

Bodner admits the allegations in paragraph 18.

**AS TO PARAGRAPH 20**

Bodner admits that PPVA's investment portfolio became increasingly more concentrated in illiquid investments, including equity and debt positions in companies that were not publicly traded, and otherwise denies the allegations in paragraph 20.

**AS TO PARAGRAPH 34**

Bodner admits that a family entity indirectly had a minority interest in Platinum Management, and otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 34.

**AS TO PARAGRAPH 41**

Bodner admits that he participated in founding Platinum Management, PPVA and the fund that was the predecessor to PPCO.  He otherwise denies the allegations in paragraph 41.

**AS TO PARAGRAPH 42**

Bodner admits that Nordlicht was the managing member of Platinum Management.  He otherwise denies the allegations in paragraph 42.

**AS TO PARAGRAPH 43**

Bodner admits that Nordlicht directly or indirectly holds ownership interests in Platinum Management.  He otherwise denies the allegations in paragraph 43.

## AS TO PARAGRAPH 45

Bodner admits that Nordlicht was a member of the valuation committee. He otherwise denies the allegations in paragraph 45.

## AS TO PARAGRAPH 49

Bodner admits that David Levy is Murray Huberfeld's nephew. He otherwise denies the allegations in paragraph 49.

## AS TO PARAGRAPH 50

Bodner admits that Levy served as co-chief investment officer of PPVA alongside Nordlicht and also was a portfolio manager. He otherwise denies the allegations in paragraph 50.

## AS TO PARAGRAPH 55

Bodner admits that Uri Landesman was a resident of New Rochelle, New York until his death on September 14, 2018. He otherwise denies the allegations in paragraph 55.

## AS TO PARAGRAPH 56

Bodner admits that Landesman served as the President of Platinum Management. He otherwise denies the allegations in paragraph 56.

## AS TO PARAGRAPH 60

Bodner admits that Landesman was involved with sourcing investment opportunities, meeting with and marketing to important investors and developing investment and

business strategy for PPVA and its investments. He otherwise denies the allegations in paragraph 60.

## AS TO PARAGRAPH 61

Bodner admits that Landesman directly or indirectly held ownership interests in Platinum Management. He otherwise denies the allegations in paragraph 61.

## AS TO PARAGRAPH 68

Bodner admits that he participated in founding Platinum Management and PPVA with Huberfeld and Nordlicht, as alleged in paragraph 68.

## AS TO PARAGRAPH 69

Bodner admits that the Huberfeld family directly or indirectly held ownership interests in Platinum Management and otherwise denies the allegations in paragraph 69.

## AS TO PARAGRAPH 74

Bodner admits that he is a resident of Monsey, New York, and is included in the SAC's definition of the terms "Platinum Defendants" and "Beechwood Defendants," as alleged in paragraph 74.

## AS TO PARAGRAPH 75

Bodner admits that he participated in founding Platinum Management and PPVA with Huberfeld and Nordlicht, and denies the remaining allegations in paragraph 75.

**AS TO PARAGRAPH 76**

Bodner admits that, until March 20, 2016, Bodner family entities indirectly held ownership interests in Platinum Management.  He denies the remaining allegations in paragraph 76.

**AS TO PARAGRAPH 77**

Bodner admits that Bodner family entities held ownership interests in Beechwood Holdings, Inc. between approximately January 2014 and August 2016.  He denies the remaining allegations in paragraph 77.

**AS TO PARAGRAPH 79**

Bodner denies the allegations in paragraph 79 except admits that he and Huberfeld pled guilty to certain misdemeanors and refers to the Court records for the precise terms and conditions of their sentence.

**AS TO PARAGRAPH 80**

Bodner denies the allegations in paragraph 80 except admits that he and Huberfeld settled certain civil litigation in or about 1998 and refers to the relevant Court records for the precise nature of the allegations and resolution of the claims.

**AS TO PARAGRAPH 81**

Bodner denies the allegations in paragraph 81 except admits that articles have been written about Platinum Management and refers to the same for their precise content.

## AS TO PARAGRAPH 82

Bodner admits that he did not have an official title at Platinum Management, and otherwise denies the allegations in paragraph 82.

## AS TO PARAGRAPH 84

Bodner admits that he occasionally interfaced with Platinum Management or PPVA attorneys, and occasionally with investors. He denies the remaining allegations in paragraph 84.

## AS TO PARAGRAPH 171

Bodner admits that he has attended lunches with Avi Schron, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 171.

## AS TO PARAGRAPH 172

Bodner admits that he is friends with the Elbogens and that the Elbogens are long-time investors in Platinum funds, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 172.

## AS TO PARAGRAPH 179

Bodner admits that he has previously met Robert Cohen, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 179.

**AS TO PARAGRAPH 212**

Bodner admits that a Bodner family entity had interests in Beechwood Investments, through which it held non-voting preferred stock of a Beechwood entity. He otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 212.

**AS TO PARAGRAPH 223**

Bodner admits that this Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1334 and 1367, as alleged in paragraph 223.

**AS TO PARAGRAPH 224**

Bodner admits that venue of this case is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1409, as alleged in paragraph 224.

**AS TO PARAGRAPH 225**

Bodner admits that this Court has personal jurisdiction over him, as alleged in paragraph 225.

**AS TO PARAGRAPH 226**

Bodner admits the allegations in paragraph 226.

**AS TO PARAGRAPH 239**

Bodner admits the allegations in paragraph 239.

## AS TO PARAGRAPH 242

Bodner admits that between 2012 and 2016 he occasionally attended the office of Platinum Management, which for part of that time was located at 250 West 55th Street, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 242.

## AS TO PARAGRAPH 385

Bodner admits that Bodner family entities held a beneficial interest in a Beechwood Re Investments, LLC series, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 385.

## AS TO THE FIRST COUNT

Bodner denies that he had or breached any fiduciary duty, including the duty of care and good faith, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in the First Count of the SAC.

## AS TO THE SECOND COUNT

Bodner denies that he had or breached any fiduciary duty, including the duty of loyalty or duty to avoid self-dealing, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in the Second Count of the SAC.

**AS TO THE THIRD COUNT**

Bodner denies that he had or aided and abetted the breach of any fiduciary duty, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in the Third Count of the SAC.

**AS TO THE FOURTH COUNT**

Bodner denies that he participated in any fraud, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in the Fourth Count of the SAC.

**AS TO THE FIFTH COUNT**

Bodner denies that he participated in any constructive fraud, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in the Fifth Count of the SAC.

**AS TO THE SIXTH COUNT**

Bodner denies that he aided and abetted any fraud, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in the Sixth Count of the SAC.

**AS TO THE SEVENTH COUNT**

Bodner denies that he aided and abetted any breach of fiduciary duties, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in the Seventh Count of the SAC.

## AS TO THE EIGHTH COUNT

Bodner denies that he aided and abetted any fraud, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in the Eighth Count of the SAC.

## AS TO THE NINTH COUNT

Bodner denies knowledge or information sufficient to form a belief as to the truth of the allegations in the Ninth Count of the SAC.

## AS TO THE TENTH COUNT

Bodner denies knowledge or information sufficient to form a belief as to the truth of the allegations in the Tenth Count of the SAC.

## AS TO THE ELEVENTH COUNT

Bodner denies knowledge or information sufficient to form a belief as to the truth of the allegations in the Eleventh Count of the SAC.

## AS TO THE TWELFTH COUNT

Bodner denies knowledge or information sufficient to form a belief as to the truth of the allegations in the Twelfth Count of the SAC.

## AS TO THE THIRTEENTH COUNT

Bodner denies knowledge or information sufficient to form a belief as to the truth of the allegations in the Thirteenth Count of the SAC.

### AS TO THE FOURTEENTH COUNT

Bodner denies that he was unjustly enriched and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in the Fourteenth Count of the SAC.

### AS TO THE FIFTEENTH COUNT

Bodner denies knowledge or information sufficient to form a belief as to the truth of the allegations in the Fifteenth Count of the SAC.

### AS TO THE SIXTEENTH COUNT

Bodner denies that he participated in any form of conspiracy, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in the Sixteenth Count of the SAC.

### AS TO THE SEVENTEENTH COUNT

This count has been dismissed against David Bodner. Accordingly, he does not need to respond to the Seventeenth Count of the SAC.

### AS TO THE EIGHTEENTH COUNT

This count has been dismissed against Beechwood Trust Nos. 7–14 in connection with the JOLs' allegation that they were alter egos of David Bodner. Accordingly, he does not need to respond to the Eighteenth Count of the SAC.

### AS TO THE NINETEENTH COUNT

Bodner denies the allegations as to him in the Nineteenth Count of the SAC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

### AS TO THE TWENTIETH COUNT

Bodner denies knowledge or information sufficient to form a belief as to the truth of the allegations in the Twentieth Count of the SAC.

### AS TO THE TWENTY-FIRST COUNT

Bodner denies knowledge or information sufficient to form a belief as to the truth of the allegations in the Twenty-First Count of the SAC.

### AS TO THE TWENTY-SECOND COUNT

Bodner denies knowledge or information sufficient to form a belief as to the truth of the allegations in the Twenty-Second Count of the SAC.

### AS TO THE PRAYER FOR RELIEF

In response to the "WHEREFORE" paragraphs on pages 180–185 of the SAC, Bodner denies that the JOLs are entitled to any relief whatsoever.

### AFFIRMATIVE DEFENSES OF DEFENDANT DAVID BODNER

Bodner sets forth his affirmative defenses below. Bodner's defenses are asserted as to all operative claims against him. By setting forth his affirmative defenses, Bodner does not

assume the burden of proving any fact, issue, or element of a claim where such burden properly belongs to the JOLs.

### AFFIRMATIVE DEFENSE NO. 1
### (Failure to State a Claim)

The JOLs' claims are barred, in whole or in part, for failure to state a claim upon which relief may be granted.

### AFFIRMATIVE DEFENSE NO. 2
### (Estoppel)

The JOLs' claims are barred, in whole or in part, by the doctrine of estoppel, based on the JOLs' unlawful and unethical violation of the attorney-client privileges of Bodner, Platinum Management (NY) LLC, and other defendants, and the use of such materials in their prosecution of this case.

### AFFIRMATIVE DEFENSE NO. 3
### (Statute of Limitations)

The JOLs' claims are barred, in whole or in part, by applicable statutes of limitations.

### AFFIRMATIVE DEFENSE NO. 4
### (Release or Discharge of Claims)

The JOLs' claims are barred, in whole or in part, because they have been released, discharged, compromised and settled.

## AFFIRMATIVE DEFENSE NO. 5
### (Release)

The JOLs' claims are barred pursuant to that Release Agreement, dated March 20, 2016, by and between Bodner, Platinum Management (NY) LLC, Platinum Credit Management LP, and others (the "Release Agreement"). The Release Agreement is a valid and binding legal document by which Bodner and PPVA each granted the other a broad and complete release for any and all claims. Plaintiffs are bound by the Release Agreement.

## AFFIRMATIVE DEFENSE NO. 6
### (Accord and Satisfaction)

The JOLs' claims are barred, in whole or in part, by accord and satisfaction, based upon the Release Agreement and mutual exchange of releases therein.

## AFFIRMATIVE DEFENSE NO. 7
### (Alleged Damages Caused by Other Parties)

The JOLs' claims are barred, in whole or in part, because any damages they claim that were incurred by the parties whose interests the JOLs represent and the parties in whose shoes the JOLs stand were due to the acts or omissions of parties other than David Bodner.

## AFFIRMATIVE DEFENSE NO. 8
### (Effect of Release Pursuant to GOL § 15-108)

The JOLs' claims must be reduced pursuant to GOL § 15-108(a) for the equitable share of damages by any settling tortfeasor, or the amount paid by the settling tortfeasor or tortfeasors, whichever is greatest.

**RESERVATION OF RIGHTS**

Bodner has not knowingly or intentionally waived any applicable defenses, and he reserves all rights to assert and rely upon other applicable defenses that may become available or apparent as this matter proceeds. David Bodner reserves all rights to amend or seek to amend his Answer and Affirmative Defenses.

**CONDITIONAL COUNTERCLAIM FOR INDEMNIFICATION**

If the Release Agreement is determined to be unenforceable or nonbinding for any reason, Bodner would in that case be entitled, under such investment management agreements as exist between Platinum Management (NY) LLC and PPVA, to be indemnified and held harmless by PPVA, for all losses sustained by him in his defense of this action and any other action in which claims are asserted against him arising out of or concerning his indirect ownership of interests in Platinum Management (NY) LLC, as provided in such agreements and other governing organizational documents of PPVA and Platinum Management (NY) LLC.

Dated: August 26, 2020
New York, New York

        CURTIS, MALLET-PREVOST,
         COLT & MOSLE LLP

By:  */s/ Gabriel Hertzberg*
     Eliot Lauer
     Gabriel Hertzberg
     Abigail Johnston
     101 Park Avenue
     New York, New York  10178
     Tel.: (212) 696-6000
     Fax: (212) 697-1559
     Email: elauer@curtis.com
            ghertzberg@curtis.com
            ajohnston@curtis.com

*Attorneys for Defendant David Bodner*

38232028